IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINALD ROSS ) | | |
| ID # 48671-177, ) | | |
| Movant, ) | | |
| vs. ) | No. 3:16-CV-1396-L-BH | |
| ) | No. 3:14-CR-0364-L | |
| UNITED STATES OF AMERICA, ) | | |
| Respondent. ) | Referred to U.S. Magistrate Judge | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on May 20, 2016 (doc. 2), should be **DENIED** with prejudice.

**I.  BACKGROUND**

Reginald Ross (Movant) challenges his federal conviction and sentence in Cause No. 3:14-CR-364-L  The respondent is the United States of America (Government).

**A.     Plea**

On September 24, 2014, Movant was charged by indictment with conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B) (Count One) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). (*See* doc. 1.)[1] He pled guilty to both counts on July 7, 2015, under a plea agreement. (*See* docs. 33, 81.)  The plea agreement stated that Movant understood and waived his rights to plead not guilty, to have a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses, to call witnesses, and to not be compelled to incriminate himself. (*See*

---

[1]    Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:14-CR-364-L.

doc. 33 at 1.) He understood the nature and elements of the crime and agreed that the factual resume was true. (*See id*. at 2.) The plea agreement set out the range of punishment and stated that Movant had reviewed the federal sentencing guidelines with counsel, that he understood that the sentence would be imposed by the Court after consideration of the sentencing guidelines, which were advisory and not binding, and that no one could predict with certainty the outcome of the Court's consideration of the guidelines. (*See id*. at 2-3) He had reviewed all legal aspects and facts of the case with counsel and believed that it was in his best interest to plead guilty. (*See id*. at 6.) He understood and waive his rights to appeal and to contest his conviction and sentence, except that he could (a) bring a direct appeal of a sentence exceeding the maximum statutory punishment or an arithmetic error at sentencing, (b) challenge the voluntariness of his plea or the waiver of an appeal and collateral review, and (c) bring a claim of ineffective assistance of counsel. (*See id*. at 6.) In exchange, the Government agreed not to bring any additional charges against him based on the conduct underlying and related to his guilty plea. (*See id*. at 4.) In a Factual Resume, Movant admitted that he committed the offenses charged in the indictment. (*See* doc. 32.)

**B.    Sentencing**

On September 16, 2015, the United States Probation Office (USPO) prepared a Presentence Report (PSR), applying the 2014 United States Sentencing Guidelines Manual (USSG). (*See* doc. 51-1 at 7, ¶ 26.) It found that the base offense level for Count One was 24, and it added two levels for maintaining a premises for the purpose of storing, manufacturing, packaging, and distributing crack cocaine, resulting in a total offense level of 26. (*See id*. at 8, ¶¶ 29, 31, 38.) Because he had two prior convictions for crimes of violence, burglary of a habitation and attempt to commit arson of a habitation, the PSR concluded that he was a career offender. (*See id*. at 8-9, ¶ 36.) As a

consequence, his criminal history category was raised from V to VI under USSG § 4B1.1(b). (*See id*. at 14, ¶ 52.) The guideline range as a career offender under USSG § 4B1.1(c)(2)(B) for the two counts in the indictment was 360 months to life imprisonment. (*See id*. at 9, 20, ¶¶ 39-40, 84).

At the sentencing hearing on December 2, 2015, the Court granted a three-level reduction for acceptance of responsibility, which reduced the guideline range to 262 to 327 months. (*See* doc. 82 at 13-14.) An additional two-level reduction was granted, resulting in a guideline range of 210 to 262 months' imprisonment. (*See id*. at 19.) After weighing the sentencing factors of 18 U.S.C. § 3553(a) and considering the sentence of a co-defendant, the Court sentenced Movant to 144 months' imprisonment for Count One and to 60 months' imprisonment for Count Two, to be served consecutively, for a total sentence of 204 months' imprisonment. (*See id*. at 30-33; doc. 73 at 2.) Movant did not appeal.

**B.     Substantive Claims**

Movant's § 2255 raises the following grounds:

(1)    Counsel was ineffective for:

(a) failing to object to the use of the prior conviction for burglary of a habitation to raise his criminal history category to VI as a career offender;

(b) failing to consult with him about an appeal;

(2)    The Court erred in sentencing him as a career offender based on his prior convictions for burglary of a habitation and attempted arson of a habitation.

(*See* 3:16-CV-1396-L, docs. 2 at 3, 4; 12; 13.)[2] The Government filed a response on July 22, 2017. (*See* doc. 17.)

---

[2]  Movant's motion to supplement his § 2255 motion with recent opinions of the United States Court of Appeals for the Fifth Circuit (doc. 13) was denied because this case had been stayed pending the decision of the United States Supreme Court in *Beckles v. United States*, No. 15-8544. (*See* doc. 14.) The stay has been lifted, and this case was reopened. (*See* doc. 16.) The § 2255 motion (doc. 2), memorandum in support (doc. 12), and the authorities cited in his motion to supplement (doc. 13) have been addressed in the Government's response (doc. 17) and are now all considered.

3

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

## III. CAREER OFFENDER

Movant contends that his sentence was miscalculated under the sentencing guidelines because his prior convictions for burglary of a habitation and attempted arson of a habitation should not have been considered crimes of violence and used to raise his criminal history category as a career offender under USSG § 4B1.1(b). He argues that the sentencing guideline relied on a

residual clause that is unconstitutionally vague under *Johnson v. United States*, 135 S.Ct. 2551 (2015). He also argues that the prior convictions did not qualify as crimes of violence under *Mathis v. United States*, 136 S.Ct. 2243 (2016), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016).

In *Johnson*, the Supreme Court held that the imposition of an increased sentenced under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), (2)(B) (regarding a prior conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another"), violates the Constitution's guarantee of due process because the residual clause is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. The holding of *Johnson* is retroactively available on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016).

Movant was not sentenced under the ACCA, but he contends that the residual clause of the sentencing guideline used in his case is unconstitutional in light of *Johnson*. *Johnson* does not apply to the sentencing guidelines, and the guidelines are not subject to a vagueness challenge under the Due Process Clause. *Beckles v. United States*, 137 S.Ct. 886, 895 (2017); *see also United States v. Rodriguez-Lopez*, 697 F. App'x 304 (5th Cir. 2017) (under *Beckles*, *Johnson* does not apply to a claim regarding the use of prior convictions to increase criminal history points as crimes of violence under a sentencing guideline residual clause). Movant is not entitled to relief on his *Johnson* claim.

Movant's alternate claim that he was not a career offender under the sentencing guidelines because his prior convictions were not crimes of violence under *Mathis* and *Hinkle* is not cognizable under § 2255. A misapplication of a sentencing guideline is not cognizable in a § 2255 motion because it is not constitutional error and could have been raised on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (holding that a claim that a prior conviction should not have been used to determine a defendant's career offender status under the sentencing guidelines

5

was not cognizable in a § 2255 motion).  Movant is not entitled to relief on his *Mathis/Hinkle* claim.

### IV.  INEFFECTIVE ASSISTANCE OF COUNSEL

Movant contends that his trial counsel rendered ineffective assistance.

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."  U.S. Const. art. VI.  It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal.  *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense.  *Id.* at 687.  A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective.  *Id.* at 696.  The Court may address the prongs in any order.  *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689.  "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions."  *Id.* at 691. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair).

6

Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, a petitioner must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

**A.     Burglary - Career Offender**

Movant contends that counsel should have objected to the consideration of the prior conviction for burglary of a habitation as a crime of violence to determine that he was a career offender under the sentencing guidelines.

Movant's confession in the burglary case admitted that he entered a habitation without the effective consent of the owner "with the intent to commit theft," and that he entered a habitation without the effective consent of the owner and "did then and there commit and attempted to commit theft." (*See* doc. 51-1 at 28.) At the time of sentencing, case law in this circuit held that a Texas conviction for burglary of a habitation was a crime of violence where a defendant confessed to both

7

conduct that was a generic burglary of a dwelling (entered a habitation with the intent to commit theft under Tex. Penal Code § 30.02(a)(1)) and to conduct that was not a generic burglary of a dwelling (entered a habitation and committed or attempted to commit theft under § 30.02(a)(1)). *See United States v. Conde-Castaneda*, 753 F.3d 172 (5th Cir. 2014).

One panel of the United States Court of Appeals for the Fifth Circuit has determined that Texas's burglary statute remains divisible under the modified categorical approach framework in *Mathis v. United States*, 136 S. Ct. 2243 (2016). *See United States v. Uribe*, 838 F.3d 667 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1359 (2017). Texas burglary convictions under § 30.02(a)(1) are crimes of violence because they match the generic definition of the offense of burglary for determining whether the defendant is a career offender. *See id.; United States v. Herrold*, 685 F. App'x 302, 302 (5th Cir. 2017). The Fifth Circuit, *en banc*, is now reconsidering whether Texas' burglary statute is divisible. *See United States v. Herrold*, No. 14-11317, 603 F. App'x 272 (5th Cir. July 7, 2017) (granting rehearing *en banc*).

Even if the Fifth Circuit were to hold in *Herrold* that a Texas conviction for burglary under § 30.02(a)(1) is not a crime of violence, Movant has not shown that counsel was ineffective for failing to make that objection. "[C]ounsel is not required to anticipate subsequent developments in the law" in order to render effective assistance, *see Ogan v. Cockrell*, 297 F.3d 349, 360 (5th Cir.2002) (quoting Lucas v. Johnson, 132 F.3d 1069, 1078-79 (5th Cir.1998)). Whether counsel's performance was deficient is determined by examining "the law as it existed" at the time of the representation. *See id*. "There is no general duty on the part of defense counsel to anticipate changes in the law. ... [C]ounsel is not ineffective for failing to raise a claim that courts in the controlling jurisdiction have repeatedly rejected." *United States v. Fields*, 565 F.3d 290, 294 (5th

8

Cir. 2009).

In light of binding precedent from the Fifth Circuit at the time of sentencing, counsel had no basis for objecting that Movant's prior burglary conviction should not have been considered as a crime of violence. Counsel was not ineffective for failing to raise at least what was then a meritless objection. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); *see also Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("counsel is not required to make futile motions or objections"). Movant has not shown that he is entitled to relief on this claim.

**B.     Appeal**

Movant contends that counsel did not consult with him about an appeal and did not explain that he could not appeal once he entered into the plea agreement.

"There is no constitutional right to appeal a criminal sentence." *United States v. Burns*, 433 F.3d 442, 445 (5th Cir. 2005) (citing *Jones v. Barnes*, 463 U.S. 745 (1983)). Counsel "is not burdened by any general duty to perfect an appeal of every criminal conviction." *White v. Johnson*, 180 F.3d 648, 652 (5th Cir. 1999). Counsel's failure to pursue an appeal can amount to ineffective assistance under *Strickland*, however. *See United States v. Pham*, 722 F.3d 320, 323 (5th Cir. 2013) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 479-80 (2000)).

The assessment of deficient performance "begins with the question whether counsel 'consulted' with the defendant regarding an appeal." *Pham*, 722 F.3d at 323 (citation omitted). "'Consulting' is a term of art that means advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id*. (citation omitted). There is no constitutional requirement that counsel consult with the defendant about an appeal in every case. *Flores-Ortega*, 528 U.S. at 479-80. A constitutionally-

9

imposed duty arises when there is reason to think that a rational defendant would want to appeal, such as when there are nonfrivolous grounds for appeal, or when the defendant has reasonably demonstrated to counsel that he is interested in appealing. *Id*. at 480.

A defendant can satisfy the prejudice prong by demonstrating that "there is a reasonable probability that but for counsel's deficient failure to consult with him about an appeal, [defendant] would have timely appealed." *Id*. at 484. "[C]ourts must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 477. "If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Pham*, 722 F.3d at 323-24. If a defendant proves, by a preponderance of the evidence, that he directed his attorney to file an appeal and it was not filed, prejudice is presumed regardless of the merits and regardless of any appellate waiver. *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007). When a defendant is denied the opportunity to appeal due to ineffective assistance of counsel, the defendant is entitled to an out-of-time appeal. *United States v. West*, 240 F.3d 456, 459 (5th Cir. 2001).

Movant does not allege that he told counsel that he wanted to appeal or that he was interested in appealing. He entered a guilty plea under a plea agreement and admitted the facts of the offense, he was sentenced to almost five years below the minimum of the guideline range, and the Government agreed not to bring any additional charges based on the conduct underlying or related to the guilty plea. He has not identified any nonfrivolous ground for appeal. Because he has not shown that counsel had a reason to think that a rational defendant would want to appeal under these circumstances, he has not shown that counsel had a duty to consult with him about an appeal. *See*

*Flores-Ortega*, 528 U.S. at 480.

Movant's assertion that counsel failed to explain that he could not appeal as a result of the plea agreement is contradicted by the record. The plea agreement signed by Movant states that he could not appeal except in certain limited circumstances, and that counsel satisfactorily explained to him each paragraph of the plea agreement, each of his rights affected by the agreement, and alternatives other than entering into the agreement. (*See* doc. 33 at 6, ¶¶ 11-12.) When Movant plead guilty, the Court explained that Movant had the right to appeal, but that he waived that right except for the right to bring a direct appeal of a sentence that exceeded the statutory maximum, arithmetic errors at sentencing, to challenge the voluntariness of the plea of guilty or the waiver of appeals, and to bring a claim of ineffective assistance of counsel. Movant told the Court that he understood his right to appeal or otherwise challenge his sentence and that he waived that right, except for the limited circumstances that were explained to him. (*See* doc. 81 at 16.)

Movant has not presented independent and reliable evidence to overcome the "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *United States v. Palmer*, 456 F.3d 484, 491 (5th Cir. 2006). He has not overcome the presumption of regularity and "great weight" accorded court records. *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (plea document "is accorded great evidentiary weight"); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity"). He has not shown that counsel failed to explain his rights to an appeal or other review and the limitations on those rights as a result of the plea agreement.

Movant has failed to show that he received ineffective assistance of counsel regarding an appeal.

## V. RECOMMENDATION

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SIGNED on this 29th day of January, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE