## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **REGINALD ROSS** | **)** | |
| **ID # 48671-177,** | **)** | |
| **Movant,** | **)** | |
| **vs.** | **)** | **No. 3:16-CV-1396-L-BH** |
| | **)** | **No. 3:14-CR-0364-L** |
| **UNITED STATES OF AMERICA,** | **)** | |
| **Respondent.** | **)** | **Referred to U.S. Magistrate Judge** |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.  Before the Court is the movant's request to amend his motion under 28 U.S.C. § 2255 to vacate his sentence and for the appointment of counsel, received on May 25, 2018 (doc. 23).  Based on the relevant findings and applicable law, the motions should be **DENIED**.

### I.  BACKGROUND

Reginald Ross (Movant) was convicted of conspiracy to distribute a controlled substance and possession of a firearm in furtherance of a drug trafficking crime, and he received a sentence of 144 months' imprisonment and 60 months' imprisonment, to be served consecutively, for a total sentence of 204 months' imprisonment.  (*See* No. 3:14-CR-354-L, doc. 73.)  His § 2255 motion to vacate challenging his conviction and sentence was denied on May 24, 2018.  (*See* doc. 22.)  He now seeks to amend his § 2255 motion to raise a claim under *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), and asks that counsel be appointed.  (*See* doc. 23.)  His filing was signed and post-marked on May 21, 2018, which was before the judgment was entered in the § 2255 case.

### II.  MOTION TO AMEND

Because Movant's filing was signed and post-marked on May 21, 2018, it is deemed filed

before the entry of judgment.[1]

When a responsive pleading has been filed, as in this case, Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend his pleading only with either the opposing party's written consent or the court's leave. Courts should freely give leave to amend when justice requires. Fed. R. Civ. P. 15(a)(2). A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Leave to amend should not be denied unless there is a *substantial reason* to do so. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998). There is a substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

Movant seeks to raise a claim under *Dimaya*. In *Dimaya*, the Supreme Court held that the definition of a crime of violence in 18 U.S.C. § 16(b) is unconstitutionally vague. Movant was not convicted or sentenced under § 16(b) or any similarly worded statute, so *Dimaya* does not apply to him. Movant was sentenced under a guideline range as a career offender because he had previous convictions for crimes of violence. (*See* doc. 18 at 2.) The guidelines are not subject to a vagueness challenge under the Due Process Clause. *See Beckles v. United States*, 137 S.Ct. 886, 895 (2017); *see also United States v. Rodriguez-Lopez*, 697 F. App'x 304 (5th Cir. 2017). Because *Dimaya* does not apply to Movant, the proposed amendment would be futile, and the motion to amend should be

---

[1]   *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

denied.

### III.  MOTION TO APPOINT COUNSEL

Rule 8(c) of the Rules Governing Section 2255 Cases in the United States District Court provides for the appointment of counsel "[i]f an evidentiary hearing is required."  Rule 8(c) and 18 U.S.C. § 3006A(a)(2)(B) provide that counsel may be appointed at any stage of a § 2255 case if "the interests of justice so require."  An evidentiary hearing is not required in this case, and the movant has not shown that the interests of justice require the appointment of counsel.  Accordingly, the motion for appointment of counsel should be denied.

### IV.  RECOMMENDATION

The motion for leave to amend and to appoint counsel should be **DENIED**.

**SIGNED this 11th day of June, 2018.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Judge, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE